IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIE JAMES HARRISON,** #B78509, <br><br> Plaintiff, <br><br> v. <br><br> **EILERS,** <br> **M. LIVELY,** <br> **TYLER KING, and** <br> **CLAYTON STEPHENSON,** <br><br> Defendants. | Case No. 22-cv-02777-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Willie Harrison, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Pinckneyville Correctional Center. The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

In the Complaint, Plaintiff asserts that there is an ongoing problem at Pinckneyville Correctional Center with officers not wearing name tags. (Doc. 1, p. 3). He states that he wrote a grievance about a sergeant but did not know her name. Plaintiff asked other individuals in custody and was told the sergeant's name was Harbor or Harper. The name provided ended up being the

wrong name. Plaintiff states that because officers do not wear visible name tags or identification on their shirts, it makes it difficult for inmates to write grievances regarding staff misconduct.

Plaintiff has failed to plead a viable claim for relief. First, Plaintiff has failed to associate any specific allegations against the listed Defendants. The Defendants are not even mentioned in the "Facts" section of his Complaint, and merely naming a party in the case caption is not enough to state a claim against that individual. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998); FED. R. CIV. P. 8(a)(2).

Second, the facts alleged do not amount to a constitutional violation. There is no constitutional right to access the prison grievance process. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause…" *Owens v. Hinsley*, 635 F.3d 950, 953–54 (7th Cir. 2011). *See also Courtney v. Devore*, 595 F. App'x 618, 620–21 (7th Cir. 2014) ("[S]tate grievance procedures do not create substantive liberty interests protected by due process."); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). Furthermore, the act of not wearing a name tag, even if done deliberately to mislead Plaintiff, does not rise to the level of extreme harassment that is required to violate the Eighth Amendment. *See Dobbey v. Ill. Dep't of Corr.,* 574 F. 3d 443, 446 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment"). For these reasons, the Complaint does not survive preliminary review and will be dismissed.

Plaintiff will be given an opportunity to replead his claims in an amended complaint. If the Court does not receive an amended complaint by the deadline the Court sets, the Court will dismiss the case for failure to state a claim and Plaintiff will incur a strike under 28 U.S.C. § 1915(g). If after reading this Order Plaintiff decides he does not want to proceed with the lawsuit, he may

notify the Court (before the deadline to amend) that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. §1915A.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 9, 2023.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). In the alternative, by **August 9, 2023,** Plaintiff may notify the Court that he wants to voluntarily dismiss the case, and he can avoid incurring a strike.

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-02777-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he

files an amended complaint or voluntarily dismisses the case. 28 U.S.C. § 1915(b)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 12, 2023**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**